Deaderiok, J.,
delivered the opinion of the Court.
By the plaintiffs, who obtained a judgment in the Court below, it is claimed that there is no litigation in this case.
This is denied by defendant Cummings, and the record has been submitted to have this question determined.
The suit was brought in the Circuit Court of Van Burén county by the plaintiff as guardian, etc., against defendants, upon a note for $151.42, *103 executed by Jobn "W". G-illentine as principal, and defendants "W. B. Cummings and Jobn Stewart as bis sureties. Gillentine died, and Stewart administered upon bis estate, and be is sued as tbe representative of Gillentine, and in bis own wrong.
' Declaration was filed, and Cummings pleaded separately three several pleas.
Stewart as administrator, and in bis own right pleaded three pleas.
An entry appears, without date, of a motion by plaintiff to strike out tbe two pleas filed by tbe defendant Cummings; and a further entry, without date, ordering tbe pleas to be stricken out on a motion of plaintiff, which order, it is reasonable to infer, related to tbe motion previously formally entered to strike out tbe two pleas of defendant Cummings. It further appears from tbe record “that Jobn Stewart, in bis proper person, withdrew the pleas he had filed,” and thereupon a judg ment by default was entered against them.
Two of tbe three pleas of Cummings being stricken out, left one of them indisposed of; which of the three were thus stricken out does not appear.
Upon tbe last plea; a replication might' have been filed, of such a character as to cure its defects, and sustain a verdict upon it; and such being tbe case, it was error to take a judgment by default against Cummings.
Stewart was a defendant in his own wrong, as well as in his representative character of administrator of Gillentine, and .in this two-fold character *104 he pleaded; and issue was taken upon all his pleas.-
No disposition of his pleas as administrator was made.
Upon the whole record the proceedings seem to have been so irregular, that although the record was submitted, simply for the determination of the question, whether the cause fell within the rule adopted in relation to unlitigated cases, we have concluded that it is proper to reverse the cause, and remand it for further proceedings.